UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CRAIG DOWLING, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | No.: 3:11-cv-609 |
| ) | *Phillips* |
| ) | |
| GARY COLLINS, et al., ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983 filed by plaintiff Craig Dowling ("plaintiff"). The matter is before the court on the motion for summary judgment filed by defendants Collins and Coffey, and plaintiff's response thereto. For the following reasons, the motion for summary judgment will be **GRANTED**. All other pending motions will be **DENIED** as **MOOT**. In addition, the matter will be **DISMISSED WITHOUT PREJUDICE** as to the remaining defendant, Anthony Hill, and this action will be **DISMISSED IN ITS ENTIRETY**.

I. <u>Standard of Review</u>

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

II. Procedural and Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC). His complaint concerns certain events that happened at Morgan County Correctional Complex (MCCX); plaintiff is now confined in the Northwest Correctional Complex. The defendants are MCCX Officers Gary Collins and Anthony Hill and Captain Steve Coffee.[1]

Plaintiff's primary complaint is that defendants Collins and Hill assaulted him while transferring him to a behavior management cell during the morning of May 3, 2011, and then left him in a bare cell without any clothes or bedding for two days. According to plaintiff, he was taken to the behavior management cell after he had asked on numerous occasions for medical attention. Plaintiff specifically alleges that he was first taken to intake and then defendants Collins and Hill arrived, placed plaintiff in handcuffs behind his back, and removed him from intake. The defendants allegedly slammed plaintiff face first into the sliding doors on three different occasions, resulting in a nose bleed. Plaintiff further alleges that upon arrival at the behavior management cell, defendant Collins tripped him and he fell face down on the cell floor, and then defendant Collins pressed his knee into plaintiff's face.

Plaintiff alleges that defendants Collins and Hill then took his clothes and left him naked in the cell. Defendant Coffee allegedly came to the cell around 11:00 p.m. that evening and refused plaintiff's request for clothing.

---

[1] The court sua sponte dismissed defendants Newport, Osborne, Redmon, and Young based upon plaintiff's failure to state a claim against those defendants.

Process issued and was returned executed as to defendants Gary Collins and Steve Coffey; process was returned unexecuted as to defendant Anthony Hill. Defendants Collins and Coffey have filed a motion for summary judgment.

In support of their motion for summary judgment, defendants Collins and Coffey have filed their affidavits as well as the affidavit of Robert Bruce, excerpts from plaintiff's deposition, and a certified copy of plaintiff's medical records. Robert Bruce testifies that he is a corporal at MCCX and, during first shift on May 3, 2011, he received an order to place plaintiff in behavioral management cell C-106. [Doc. 31, Affidavit of Robert Bruce, p. 1]. He contacted Officers Gary Collins and Anthony Hill, instructed them to escort plaintiff to the cell, and met the three of them there. [*Id*.]. Corporal Bruce testifies that plaintiff "had no signs and made no complaint of any physical injury." [*Id*.]. According to Corporal Bruce, after the officers placed plaintiff in cell C-106, he removed plaintiff's clothes and gave him a paper gown. [*Id*.]. Corporal Bruce further testifies that, pursuant to policy, inmates are placed in a behavioral management cell for security reasons and, as part of that process, the prisoner's clothes are removed and he is given a paper gown. [*Id*. at 1-2]. When the prisoner's behavior improves, he is given a blanket and mattress. [*Id*. at 2]. Corporal Bruce testifies that he checked on plaintiff every four hours, that plaintiff made no requests, and that plaintiff was taken off behavioral management on May 4, 2011, at 5:15 p.m. [*Id*.].

Corporal Bruce also testifies that Captain Coffey worked the second shift on May 3, 2011, and thus was not involved in the decision to place plaintiff in a behavioral management cell. [*Id*.]. Also, Captain Coffey was on sick leave the following day and would not have

4

checked on plaintiff. [*Id.*]. In his affidavit, Captain Coffey affirms the foregoing. [Doc. 32, Affidavit of Steve Coffey, pp. 1-2]. Personnel records attached to defendant Coffey's affidavit confirm that he worked second shift on May 3, 2011, from 1:00 p.m. until 9:00 p.m., and that he was on sick leave the next day. [*Id.*, Attachment].

Defendant Collins testifies that on May 3, 2011, he and Officer Hill were ordered by Corporal Bruce to escort plaintiff to cell C-106. [Doc. 33, Affidavit of Gary Collins, p. 1]. Upon arrival at plaintiff's cell in the intake unit, plaintiff was handcuffed through the pie flap. [*Id.*]. When his cell door was opened, plaintiff began shouting and Officers Hill and Collins each took one of plaintiff's arms and began escorting him to cell C-106. Defendant Collins testifies that taking plaintiff's arms "was the only time Officer Hill and I employed physical restraint upon inmate Dowling; the restraint was done to control inmate Dowling and maintain security; [and] Inmate Dowling sustained no injury therefrom." [*Id.* at 1-2]. Defendant Collins further testifies that Corporal Bruce was at C-106 when the officers arrived with plaintiff, plaintiff was walked into the cell where Corporal Bruce removed plaintiff's clothing and gave him a paper gown. [*Id.* at 2]. The officers then backed out of the cell and closed the door. [*Id.*].

In his disposition, plaintiff testified that, while being escorted by Officers Collins and Hill, they kept slamming his face into the sliding doors; he did not pay it any mind but did notice after the third time that his nose was bleeding a little bit. [Doc. 34, Excerpts from Deposition of Craig Dowling, p. 8]. Plaintiff also reiterated his claim that defendant Collins

5

tripped him upon entering the behavioral management cell. [*Id*. at 8-9]. Plaintiff admitted that he was given a paper gown after his clothes were removed. [*Id*. at 37].

In his complaint, plaintiff alleged that he was seen by a physician for a routine physical on May 5, 2011, two days after the incident with Officers Collins and Hill, at which time he indicated that he was feeling fine with only a bloody nose and minor bruises from the prior incident. Plaintiff's medical records support this allegation. [Doc. 35, Certified Copy of Medical Records of Craig Dowling]. Plaintiff's Health History showed no current injuries or complaints. [*Id*. at 8-12]. The Report of Physical Examination indicated no problems. [*Id*. at 13].

III. Discussion

*A. Use of Force*

The Eighth Amendment protects prisoners against the imposition of "cruel and unusual punishment." However, "not every intrusion upon a prisoner's bodily integrity will rise to the level of an Eighth Amendment violation." *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986).

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."

*Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

Although a "good faith use of physical force in pursuit of valid penological or institutional goals will rarely, if ever, violate the Eighth Amendment", *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986), "[a]n express intent to inflict unnecessary pain is not required" to find such a violation. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Whether a prison guard's use of force violates the Eighth Amendment depends on "whether the measure taken inflicted unnecessary and wanton pain and suffering" which "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id*. at 320-21 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973)). *See also Haynes v. Marshall*, 887 F.2d 700, 703 (6th Cir. 1989).

In evaluating an Eighth Amendment claim, "the reason or motivation for the conduct, the type and excessiveness of the force used, and the extent of injury inflicted should be considered." *Parrish v. Johnson*, 800 F.2d at 605. *Accord, Caldwell v. Moore*, 968 F.2d 595, 600 (6th Cir. 1992) ("courts should consider the reasons or motivation for the conduct, the type and extent of force applied, and the extent of inflicted injury").

Pursuant to the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Sixth Circuit has interpreted § 1997d(e) to require a prisoner

7

bringing any claim under the Eighth Amendment to show an actual physical injury. *See Scott v. Churchill*, No. 97-2061, 2000 WL 519148 at *3 (6th Cir. April 6, 2000) (unpublished decision) ("prisoner must allege that he sustained more than de minimis injury in order to state a viable excessive force claim"); *Thaddeus-X v. Wozniak*, No. 99-1720, 2000 WL 712383 at *3 (6th Cir. May 23, 2000) (unpublished decision) (a prisoner "must show that he suffered more than de minimis injury" in order bring an Eighth Amendment claim for physical injury); *Tensley v. Perry*, No. 97-2280, 1999 WL 96986 at *1 (6th Cir. February 2, 1999) (unpublished decision) ("42 U.S.C. §1997e(e) now requires that a prisoner show actual physical injury to recover for violations of his Eighth Amendment rights").

In considering what constitutes an actual physical injury, the Fifth Circuit has held:

> In the absence of any definition of "physical injury" in the new statute, we hold that the well established Eighth Amendment standards guide our analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimus* [sic], but need not be significant.
>
> We conclude that Siglar's alleged injury--a sore, bruised ear lasting for three days--was *de minimis*. Siglar has not raised a valid Eighth Amendment claim for excessive use of force nor does he have the requisite physical injury to support a claim for emotional or mental suffering. We therefore hold that the district court did not abuse its discretion in ordering the dismissal of Siglar's claims.

*Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (citation omitted). The U.S. District Court for the Northern District of Texas has observed that "[a] physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc.,

8

which lasts even up to two or three weeks." *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997).

As noted, in his complaint plaintiff complained of only a bloody nose after his interaction with Officers Collins and Hill, and he reiterated that complaint in his disposition. Plaintiff's medical records confirm that he did not suffer the requisite physical injury for a § 1983 claim, even assuming plaintiff's allegations against the defendants are true. Based upon the foregoing, the court finds that plaintiff has failed to support his claim that he was subjected to the use of excessive force. The defendants are therefore entitled to judgment as a matter of law on the excessive force claim and the motion for summary judgment will should be granted in that regard.

### B. Conditions of Confinement

Conditions of confinement that are cruel and unusual are included in the Eighth Amendment's prohibition of cruel and unusual punishment. Although there is no test by which a court can determine whether conditions of confinement are cruel and unusual, a court must consider whether the conditions involve an "unnecessary and wanton infliction of pain". *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Nevertheless, conditions of confinement may be "restrictive and even harsh" and yet not violate the constitution. *Id*. at 347.

The length of time that an inmate is subjected to certain conditions of confinement is relevant in determining whether the confinement meets constitutional standards. *See Hutto*

9

*v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982) ("allegations of two days of discomfort are not sufficient to state a claim of constitutional dimension").

> It is clear that an inmate may challenge the conditions of his confinement as violative of the Eighth Amendment's prohibition against cruel and unusual punishment. One challenging his conditions of confinement on this basis must satisfy a two-part inquiry. The first part is objective, that is, the inmate must demonstrate that he has been subjected to specific deprivations so serious as to deny him the minimal civilized measure of life's necessities. Complains of routine, as opposed to extreme, discomforts will not state a claim under this test as routine discomfort is accepted as part of the penalty that a criminal must pay. Neither will a prisoner be heard in this context if his complaint is based on a number of totality of conditions of confinement unless those conditions, in combination, have a "mutually enforcing effect" that in fact produces the aforementioned deprivation of an identifiable human need. The second part of the test is subjective. The inmate must show that the prison officials had a culpable state of mind. Liability cannot be predicated on negligence alone; the inmate must demonstrate that prison officials acted with wantonness or deliberate indifference to his constitutionally protected needs.

*Barajas v. Michigan Department of Corrections*, No. 93-1512, 1994 WL 88827 at *2 (6th Cir. March 17, 1994) (unpublished decision), (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (internal citations omitted).

At the outset, the court notes that the affidavits of Corporal Bruce and defendant Coffey, along with the attached prison documents, establish that defendant Coffey was not involved in plaintiff's placement and continued confinement in the behavioral management cell. Defendant Coffey did not report for work until after plaintiff was placed in the cell; defendant Coffey's shift ended at 9:00 p.m. and thus he could not have been the one plaintiff

10

allegedly spoke to at 11:00 p.m.; and defendant Coffey was on sick leave the following day. In any event, plaintiff's placement in a behavioral management cell for less than two days with only a paper gown did not violate his right against cruel and unusual punishment, the defendants are entitled to judgment as a matter of law on this claim, and the motion for summary judgment should be granted. *See, e.g., Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) ("In the absence of evidence that a prisoner suffered a physical injury, the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment.") (citations omitted).

### *C. Remaining Defendant*

As noted, process was returned unexecuted to defendant Anthony Hill. Service of the summons and complaint has not been made on defendant Hill within 120 days after the complaint was filed and the plaintiff has not shown good cause why service was not made within that period. Accordingly, this action should be dismissed without prejudice as to defendant Hill. Rule 4(m) of the Federal Rules of Civil Procedure. There being no further proceedings necessary in this matter, this action should be dismissed in its entirety.

### IV. Conclusion

The motion for summary judgment filed by defendants Gary Collins and Steve Coffey will be **GRANTED**. All other pending motions will be **DENIED** as **MOOT**. In addition, the matter will be **DISMISSED WITHOUT PREJUDICE** as to the remaining defendant,

Anthony Hill, and this action will be **DISMISSED IN ITS ENTIRETY**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

        **AN APPROPRIATE ORDER WILL ENTER.**

                                              s/ Thomas W. Phillips
                                           United States District Judge